UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE M. LICONA | CIVIL ACTION |
| VERSUS | NO. 19-10502 |
| DARREL VANNOY, WARDEN | SECTION M (3) |

## O R D E R

Petitioner Jose M. Licona is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[1]  On May 23, 2019, Licona filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]  After reviewing a response filed by Warden Darrel Vannoy[3] and Licona's subsequent reply,[4] the United States Magistrate Judge issued a Report and Recommendation ("R&R) recommending that Licona's petition be dismissed as untimely.[5]

The R&R correctly explains that Licona's conviction became final on April 2, 2015, when the Louisiana Supreme Court denied Licona's direct-review writ application, and that the one-year statute of limitations for Licona to file a federal habeas petition commenced 90 days later on July 1, 2015.[6]  After allowing 293 days to elapse, Licona filed a post-conviction application with the state district court on April 19, 2016, which tolled the AEDPA prescription period.[7]  The state district court denied Licona's application for post-conviction relief on July 21, 2016.[8]  Licona

---

[1] R. Doc. 9 at 1.
[2] R. Doc. 3.
[3] R. Doc. 7.
[4] R. Doc. 8.
[5] R. Doc. 9.
[6] *Id.* at 3 (citing the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 22 U.S.C. § 2244(d)(1)(A)).
[7] *Id.*
[8] *Id.* at 2.

timely appealed to the Louisiana Fourth Circuit Court of Appeal, which, on June 23, 2017, also denied him relief.[9]

On July 12, 2017, Licona filed a post-conviction writ application with the Louisiana Supreme Court.[10] At that point, Licona had only 72 days left on his AEDPA statute-of-limitations period to file a federal habeas petition once his post-conviction applications were fully adjudicated through the state system.[11] Licona waited another seven months, until February 13, 2018, before checking on the progress of his petition in the Louisiana Supreme Court.[12] Licona received the court's response on February 23, 2018, providing the docket number of his pending writ application.[13] Thereafter, Licona allowed almost an entire year to pass before again checking on the status of his case on January 22, 2019.[14] When no response was received to that inquiry, Licona again wrote to the Louisiana Supreme Court on March 13, 2019.[15] At that point the court informed Licona that his writ application had been denied on October 29, 2018.[16] Thus, Licona's AEDPA statute of limitations for filing a federal habeas petition expired on January 8, 2019 (*i.e.,* 72 days after October 29, 2018), and Licona did not file the instant petition until May 15, 2019.[17]

The R&R correctly finds that Licona's federal habeas petition was untimely, and also correctly finds that equitable tolling is inapplicable because Licona did not diligently pursue his rights.[18] Licona allowed almost 10 months (293 days) to pass between the finality of his conviction

---

[9] *Id.*
[10] *Id.* at 7.
[11] *Id.* at 4. The 72 days is the difference yielded by subtracting 293 days from 365 days (the one-year statute-of-limitations period). Page 4 of the R&R mistakenly states that Licona had 94 days remaining.
[12] *Id.* at 7.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.* at 8.
[17] *Id.* at 4. Page 4 of the R&R mistakenly states that Licona had until September 7, 2017 to either again toll the limitations period or file his federal habeas application.
[18] *Id.* at 4-9.

and his filing an application for post-conviction relief in state court, leaving only 72 days of his AEDPA statute of limitations.  Given the mere two-and-a-half months he had remaining to file for federal habeas relief when his post-conviction writ petition reached the Louisiana Supreme Court, it is unreasonable that Licona allowed seven months to pass before he first checked on the status of his application – but at least it was then still pending.  Inexplicably, Licona allowed ***another year*** to pass before checking again.  By the time Licona made his second inquiry, his AEDPA statute of limitations had already lapsed.  And, even when informed of the writ denial, Licona waited two more months before filing the instant petition.  Considering the long delay in Licona's seeking post-conviction relief and his lack of diligence in monitoring his case in the Louisiana Supreme Court, this Court agrees with the R&R's conclusion that equitable tolling is not applicable.[19]  Requiring Licona to make a reasonable effort to monitor his case – as opposed "to idly and unquestioningly wait[ing] for notification of a court's decision"[20] – is not tantamount to holding him to the standards of a licensed attorney.  Instead, it is the level of responsibility, diligence, and alacrity the case law demands even of incarcerated persons.

Moreover, Licona's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), for the proposition that the state cannot raise a timeliness defense to a federal habeas petition when he was not provided an attorney for his state post-conviction proceedings is misplaced.[21]  In *Martinez*, the Supreme Court held that procedural default under state law "will not bar a federal habeas court from hearing a substantial claim for ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (quoting *Martinez*, 566 U.S. at 18).  *Martinez* does "not address or excuse

---

[19] *See id.* (citing cases demonstrating that Licona was not diligent in pursing his rights).
[20] *Smith v. Terrell*, 2009 WL 2139697, at *4 (E.D. La. July 13, 2009) (petitioner waited a year after his initial inquiry to the Louisiana Supreme Court before again checking on the status of his case).
[21] R. Doc. 10 at 4.

3

an untimely petition." *Rodriguez v. Davis*, 2019 WL 398336, at *3 (S.D. Tex. Jan. 30, 2019) (citations omitted).

In sum, having considered the petition,[22] the record, the applicable law, the R&R,[23] and the petitioner's objection to the R&R,[24] the Court hereby approves the R&R and adopts it as its own opinion, with the noted modifications.[25]

Accordingly,

IT IS ORDERED that the federal application for habeas corpus relief filed by Jose M. Licona is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 15th day of July, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[22] R. Doc. 3.
[23] R. Doc. 9.
[24] R. Doc. 10.
[25] *See supra* text accompanying notes 11 and 17.